UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA     :

        v.     :     Criminal No. 06-94-03 (RBW)

EDUARDO OLMEDO-MARTINEZ :

MEMORANDUM IN AID OF SENTENCING

    The following Memorandum In Aid of Sentencing is submitted on behalf of Defendant, Eduardo Olmedo-Martinez, whose sentencing is scheduled for January 19, 2007. upon his plea of guilty to one count of Conspiracy under 18 U.S.c. 371 and one count of Unlawful Reentry of Removed Alien.

    1.  The plea of guilty in this case was pursuant to a written plea agreement whereby, among other things, the remaining counts in the Indictment would be dismissed at the time of sentencing.  The government agreed that Defendant would be entitled to a three level decrease in the offense level for acceptance of responsibility.  Further, that the government would allocate at sentencing for a sentence at the low end of the guideline range.

    2.  It was further agreed that the government would not seek a post Booker upward departure, but that defendant could seek a post Booker downward departure, which it would oppose.

1

3.  Defendant was arrested on January 22, 2006 by U.S. Immigration and Customs Enforcement ICE) at 1707 North Capitol Street, N.E. Washington, D.C. Defendant was detained at that time and remained in detention until March 16, 2006, when he was presented in this Court on a Complaint charging Unlawful Reentry of a Removed Alien.  He was detained on that charge and has remained in detention.  Defendant contends that he has been in official detention since January 22, 2006.  He is entitled to presentence credit pursuant to 18 U.S. C. 3585(b) and the Probation Office agrees. (See P.S.I.R revised 1-3-07. pg. 14).  However, it should be noted that the Supreme Court has held that it is the Attorney General, through the Bureau of Prisons,  which computes the time and  awards good time credit under 18 U.S.C. 3585(b).  *United States v. Wilson,* 503 U.S. 329, 112 S.Ct. 1351, 117 L.Ed. 2d 593 (1992).  Under these circumstances, the Court can depart downward by two months to assure credit for this time.

4.  Defendant also contends that as a deportable alien he would not be eligible for pre-release custody under 18 U.S.C. 3624 ©).  *United States v. Smith,* 27 F.3d 649 (D.C. Cir. 1994).  Mitigating circumstances including matters unconnected with blameworthiness may justify a downward departure.  Defendant raised this objection to the PSIR,  but it was rejected by the Probation Office in its revised report of 1-3-07. on the ground that

defendant was convicted of re-entry following an earlier prison sentence and deported. However, the Probation Office is equating blameworthiness as being connected in this case and therefore his status as a deportable alien will deny him pre-release custody and therefore justify a downward departure by the Court.

    5.  Defendant contends that *Smith*, supra concludes that "a downward departure may be appropriate where the defendant's status as a deportable alien is likely to cause a fortuitous increase in the severity of his sentence. . ." (id. 655).  It was noted in *Smith*, supra that 18 U.S.C.. 3624© directs the Bureau of Prisons, to the extent practicable to assure that prisoners spend part of the last 10% of their sentences (but no more than six months) under conditions-possibly including home confinement-   However, non-citizens are barred from assignment to a Community Corrections Center, except in rare circumstances, and more importantly, non citizens are prevented from being assigned to serve any part of their sentence in a minimum security prison, subject to the same exemptions as community confinement. (Id at 651).  The Court could depart downward six months to compensate for being deprived of the benefit of 18 U.S.C. 3624©.

    6.  These matters were raised as objections to the Presentence Investigation Report and are raised again.

For all of the reasons set forth above and for such further allocution as may be made in open Court at the time of sentence, the above is submitted for the Court's consideration.

                                          Respectfully submitted,

                                          WILLIAM J. GARBER #42887
                                          Attorney for Defendant