**HONORABLE REGGIE WALTON, UNITED STATES DISTRICT JUDGE**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**
JAN 1 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA  :  Docket No.: 06-094-03

vs.  :  SSN: N/A

OLMEDO-MARTINEZ, Eduardo  :  Disclosure Date: December 15, 2006

## RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

**For the Government**

(CHECK APPROPRIATE BOX)

( )  There are no material/factual inaccuracies therein.

( )  There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____          _____
**Prosecuting Attorney**                                    **Date**

**For the Defendant**

(CHECK APPROPRIATE BOX)

(✓)  There are no material/factual inaccuracies therein.

( )  There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____          _____
**Defendant**          **Date**                              **Defense Counsel**          **Date**

## NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32.2, those executing this form shall first submit any material inaccuracies or disputes in writing by **December 28, 2006**, to U.S. Probation Officer **Tennille Losch**, telephone number **(202) 565-1386**, fax number **(202) 273-0242**.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**
By: Gennine A. Hagar, Acting Chief
United States Probation Officer

Receipt and Acknowledgement                                    Page 2.

Page 1 Presentence investigation Report (PSIR). "Release Status: March 16, 2006." It should be noted that Defendant was arrested on January 22, 2006 by ICE agents as noted on page 4, paragraph 10. (PSIR) He was confined at an Immigration Facility in Piedmont, Virginia awaiting deportation until his presentment in the District Court on March 16, 2006.

Page 4, Presentence Investigation Report – sentencing date is 2007 not 2006.
Para 7, 8.

Page 8, paragraph 48.. The last sentence is incorrect. His father was not detained and placed in prison due to illegal status. Apparently there was a mistake in the translation during the Probation Officer interview. The correct last sentence should read that it was the defendant, Eduardo Olmedo-Martinez, who was in jail for illegal status and that his father helped him with a little money while defendant was in prison.

Page 11, paragraph 63 _ Impact of Plea Agreement. It should be added that the Plea Agreement also provides that the defendant may seek a post *Booker* downward deviation from the applicable guideline range, which the government will oppose and that the government will not seek a post *Booker* upward deviation from the applicable guideline range.

It should be noted that the Defendant may not receive credit for time spent in confinement from January 22, 2006 until March 16, 2006 under 18 USC 3585(b) and the Court can consider that in determining whether a downward deviation is warranted.

Also it should be noted that 18 USC 3624© referring to pre-release custody does not apply to deportable aliens and that Defendant's status as a deportable alien can be a basis for a downward deviation under US v. Smith, 27 F.3d 649. (D.C. Cir. 1994)..

Signed by /s/ _____

Attorney for Defendant.

Date: 12/28/06